## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**JACKIE WAYNE STONE**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 1:22-CV-P108-GNS**

**HACK MARCUM**  **DEFENDANT**

## MEMORANDUM OPINION

This is a *pro se* prisoner 42 U.S.C. § 1983 civil-rights action. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Jackie Wayne Stone was formerly incarcerated at Taylor County Detention Center (TCDC). He names TCDC Jailer Hack Marcum as the Defendant in this action. Plaintiff alleges that on February 8, 2022, his legal mail was opened by a TCDC officer. Plaintiff states that the TCDC officer told him that he had opened the legal mail "because it was sitting on his desk." Plaintiff also alleges that he filed a grievance regarding this issue and that the response he received stated that "everybody makes mistakes if you didn't make mistakes you wouldn't be in jail." Plaintiff asserts that this statement was slander. As relief for these alleged violations of his rights, Plaintiff seeks damages.

### II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

### A.  § 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff asserts that his Eighth Amendment rights were violated by the actions set forth in the complaint. However, it is the First Amendment which governs legal mail claims, and slander is a state-law claim. The Court will analyze Plaintiff's claims accordingly.

#### 1. Defendant Marcum

Plaintiff does not indicate in what capacity he sues Defendant Marcum. However, for purposes of this initial review, the Court will assume the Plaintiff sues Defendant Marcum in both his official and individual capacities.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, any official-capacity claim against Defendant Marcum is actually against his employer, Taylor County. When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S.

115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by Taylor County. Thus, any official-capacity claim against Defendant Marcum fails to state a claim upon which relief may be granted.

Because Plaintiff makes no specific allegations against Defendant Marcum, the Court assumes that Plaintiff seeks to hold Defendant Marcum liable in his individual capacity for the actions described in the complaint based upon his supervisory role as the TCDC Jailer. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations against Defendant Marcum and because the doctrine of *respondeat superior* does not apply in § 1983 actions, the Court finds that any individual-capacity claim against Defendant Marcum must also be dismissed for failure to state a claim upon which relief may be granted.

### 2. Legal Mail Claim

Although Plaintiff does not name as a defendant the TCDC officer who allegedly opened his legal mail outside of his presence, even if he had, this claim would still fail. "A prisoner's right to receive mail is protected by the First Amendment . . . ." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003), and this protection is heightened when the incoming mail is legal mail. *Id*. at 874. Prison officials may open and inspect a prisoner's "legal mail" only in the presence of the prisoner and "in accordance with appropriately drafted and uniformly applied regulations." *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996) (citing *Wolff v. McDonald*, 418 U.S. 539 (1974)). However, "[w]hile a prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. Rather, the inmate must show that prison officials 'regularly and unjustifiably interfered with the incoming legal mail.'" *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted); *see also Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) ("[A] random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (finding that even though defendants "admitted to opening one piece of [plaintiff's] constitutionally protected legal mail by accident[,][s]uch an isolated incident, without any evidence of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts, does not give rise to a constitutional violation"); *Rinehart v. Beck*, No. 5:09-CT-3019-D, 2011 U.S. Dist. LEXIS 1037, at *16 (E.D.N.C. Jan. 5, 2011) ("Isolated incidents of

mail mishandling do not rise to the level of a constitutional violation."); *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 U.S. Dist. LEXIS 138728, at *5 (W.D. Ky. Dec. 2, 2011) ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail - one of the outgoing motion and one of his incoming piece of legal mail - the Court still finds that the two incidences taken together do not rise to a constitutional violation.").

Thus, because Plaintiff fails to allege that his legal mail was opened outside of his presence on more than one occasion, he fails to state a constitutional claim. The Court, therefore, will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. State-Law Claim

Because Plaintiff does not name as a defendant the TCDC officer whom he alleges slandered him in responding to Plaintiff's grievance, Plaintiff fails to state a claim upon which relief may be granted. However, even if Plaintiff had named this officer as a defendant, because Plaintiff's federal claims are being dismissed, the Court would decline to exercise supplemental jurisdiction over this state-law claim. See 28 U.S.C. § 1367 (c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

### IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion and Order.

Date: October 5, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
4416.011

6